UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FREDERICK RANDOLPH,

                                  Plaintiffs,

                  -against-

NEW TOP, INC., LUCASSINI CLASSICS, INC.
AND DON JONATHAN CRAVATS, INC.,

                                  Defendants.
-------------------------------------------------------------------X

**DEFENDANT NEW TOP, INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS**

Index No. 08-CV-4598

    Defendant New Top, Inc., by its attorney, Todd Wengrovsky, for its Answer, Defenses and Counterclaims, states as follows:

"PARTIES" SECTION OF COMPLAINT

    1. Defendant New Top is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies the allegations of Paragraph 1 of the Complaint.

    2. Defendant New Top admits the allegations of Paragraph 2 of the Complaint.

    3. Defendant New Top is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies the allegations of Paragraph 3 of the Complaint.

    4. Defendant New Top is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and on that basis denies the allegations of Paragraph 4 of the Complaint.

## "JURISDICTION AND VENUE" SECTION OF COMPLAINT

5. Defendant New Top admits the allegations of Paragraph 5 of the Complaint.

6. Defendant New Top admits the allegations of Paragraph 6 of the Complaint.

7. Defendant New Top admits the allegations of Paragraph 7 of the Complaint relative to Defendant New Top, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and on that basis deny same.

8. Defendant New Top admits the allegations of Paragraph 8 of the Complaint.

## "FACTS" SECTION OF COMPLAINT

9. New Top admits the allegations of Paragraph 9 of the Complaint relative to the authenticity of the exhibits annexed to the Complaint, but denies all other allegations of Paragraph 9 of the Complaint.

10. Defendant New Top denies each and every allegation of Paragraph 10 of the Complaint.

11. Defendant New Top is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis denies the allegations of Paragraph 11 of the Complaint.

12. Defendant New Top denies each and every allegation of Paragraph 12 of the Complaint.

13. Defendant New Top is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that basis denies the allegations of Paragraph 13 of the Complaint.

14. Defendant New Top denies each and every allegation of Paragraph 14 of the Complaint.

"CAUSE OF ACTION" SECTION OF COMPLAINT

15. Defendant New Top repeats and incorporates by reference its replies in Paragraphs 1 through 14 herein inclusive.

16. Defendant New Top denies each and every allegation of Paragraph 16 of the Complaint.

17. Defendant New Top denies each and every allegation of Paragraph 17 of the Complaint.

18. Defendant New Top denies each and every allegation of Paragraph 18 of the Complaint.

19. Defendant New Top denies each and every allegation of Paragraph 19 of the Complaint.

20. Defendant New Top denies each and every allegation of Paragraph 20 of the Complaint.

21. Defendant New Top denies each and every allegation of Paragraph 21 of the Complaint.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Answering further, Defendants raise the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Defendants have not infringed United States Patent Numbers D432,289 and D436,429.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's Patents are invalid, void and unenforceable because Plaintiff's Patents claim alleged inventions, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge and skill possessed by persons having ordinary skill in the art to which the alleged

inventions pertain. Defendants aver that the subject matter claimed in said patents fails to comply with Title 35 § 102 and § 103 of the United States Code in that the differences between the subject matter claimed in such patents and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which such claimed subject matter pertains.

Other particulars with respect to the grounds of patent invalidity above set forth will be furnished to Plaintiff in writing by Defendant New Top at least thirty (30) days before the trial of this case in compliance with Title 35 § 282 of the United States Code. Any additional grounds of invalidity of said patents of which Defendant New Top may hereinafter learn will be brought to Plaintiff's notice by appropriate proceedings.

FOURTH AFFIRMATIVE DEFENSE

Defendant New Top avers that, by reason of proceedings taken in the United States Patent and Trademark Office during the prosecution of the applications for the Plaintiff's Patents, the claims of the Plaintiff's Patents are limited and restricted by their terms and the prior art and are made so by limitations and restrictions made therein under the requirements of the Commissioner of Patents and Trademarks during the proceedings in the Patent and Trademark Office while the applications for said patents were pending, to the extent that Plaintiff is now estopped from maintaining said patents to be of such scope as to cover or embrace any products being made, used or sold by Defendant New Top.

FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the Patent and Trademark Office Examiner failed to cite pertinent prior art as references and thus the presumption of validity of the Plaintiff's Patents provided in Title 35 § 282 of the United States Code is greatly weakened or destroyed.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant New Top had no knowledge that any of their activities constituted infringement and thus their actions were innocent.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering statutory damages or attorney's fees pursuant to 35 U.S.C. 101, et seq.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the content at issue in this case is not the subject of valid patents.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of acquiescence.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

**WHEREFORE**, Defendant New Top respectfully requests this Court to grant judgment in its favor, order all claims of the complaint dismissed with prejudice, award Defendant New Top all costs, expenses, disbursements and fees incurred herein, including reasonable attorneys' fees, and such other, further and different relief as the Court may deem just and proper.

### DEFENDANTS' COUNTERCLAIMS

### DEFENDANTS' FIRST COUNTERCLAIM

1. Defendant / Counterclaimant New Top, Inc. is a New York corporation with a principal place of business at 890A Sixth Avenue, New York, New York.

2. Plaintiff / Counterclaim Defendant Frederick Randolph is an individual residing in New Jersey.

3. Jurisdiction of these counterclaims arises under the Declaratory Judgments Act, 28 U.S.C. Sections 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. Section 1338(a).

4. There is a justiciable controversy between the parties concerning the validity and scope of the Plaintiff's United States Patent Number D432,289 and Defendant New Top's alleged liability for infringement thereof.

5.  This counterclaim is brought for a Declaratory Judgment that the Plaintiff's patent is not infringed, are invalid, void and unenforceable.

6. Counterclaimant avers that the patent is unenforceable against it.

7. Plaintiff, having instituted this infringement suit against Defendant new Top, could, with the approval of this Court, dismiss this suit without an adjudication of the patent, thereby leaving Defendant New Top, the other Defendants named in the present action and other members of the industry subject to further litigation.

8. Defendant New Top, denying infringement of the patent, aver that unless they are found to infringe same or the patent is adjudged invalid, void and unenforceable, Defendant New Top, the other Defendants named in the present action and other members of the industry will have efforts to sell their products unfairly frustrated.

### DEFENDANTS' SECOND COUNTERCLAIM

9. Counterclaimant repeats and incorporates by reference its replies in Counterclaim Paragraphs 1 through 8 herein inclusive.

10. Jurisdiction of these counterclaims arises under the Declaratory Judgments Act, 28 U.S.C. Sections 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. Section 1338(a).

11.  There is a justiciable controversy between the parties concerning the validity and scope of the Plaintiff's United States Patent Number D436,429 and Defendant New Top's alleged liability for infringement thereof.

12.  This counterclaim is brought for a Declaratory Judgment that the Plaintiff's patent is not

infringed, are invalid, void and unenforceable.

13. Counterclaimant avers that the patent is unenforceable against it.

14. Plaintiff, having instituted this infringement suit against Defendant New Top, could, with the approval of this Court, dismiss this suit without an adjudication of the patent, thereby leaving Defendant New Top, the other Defendants named in this action, and other members of the industry subject to further litigation.

15. Defendant New Top, denying infringement of the patent, aver that unless they are found to infringe same or the patent is adjudged invalid, void and unenforceable, Defendant New Top, the other Defendants named in this action, and other members of the industry will have efforts to sell their products unfairly frustrated.

**WHEREFORE**, Defendant New Top respectfully requests this Court to enter a final judgment:

(a) Declaring that the Complaint fails to state any claim on which relief can be granted;

(b) Awarding Plaintiff nothing on the Complaint and dismissing with prejudice;

(c) Declaring that Defendant New Top's manufacture, distribution, promotion, and sale of its products do not violates any rights under the Patent Act on the grounds that United States Patents D432,289 and D436,429 are invalid, void and/or that Defendant New Top's products do not infringe;

(d) Directing the Director of Patents and Trademarks to invalidate and cancel United States Patents D432,289 and D436,429.

(e) Reasonable attorneys' fees and costs; and

(f) Such other relief as is determined to be just and proper.

Dated:  Calverton, New York.
       July 21, 2008

                                             /s/ Todd Wengrovsky
                                             Todd Wengrovsky - TW4823
                                             Law Offices of
                                             Todd Wengrovsky, PLLC.
                                             285 Southfield Road, Box 585
                                             Calverton, NY 11933
                                             Tel (631) 727-3400
                                             *Attorney for Defendants*

To: Charles von Simson, Esq.
    62 William Street, 6th Floor
    New York, NY 10005
    *Attorneys for Plaintiff*