UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDERICK RANDOLPH<br><br>    Plaintiff,<br><br>vs.<br><br>NEW TOP, INC., LUCASINI CLASSICS, INC. and DON JONATHAN CRAVATS, INC.<br><br>    Defendants. | Civil Action No. 1:08-cv-4598-RJS<br><br>ANSWER OF LUCASINI CLASSICS, INC. TO COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>Hon. Richard J. Sullivan |

  Defendant Lucasini Classics, Inc. ("Lucasini"), for itself alone, responds to the allegations against it in the Complaint ("Complaint") filed by Plaintiff Frederick Randolph ("Randolph") as follows:

## PARTIES

  1. Lucasini admits on information and belief the allegations of Paragraph 1 of the Complaint.

  2. Lucasini lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and on that basis denies the allegations.

  3. Lucasini admits the allegations of Paragraph 3 of the Complaint.

  4. Lucasini lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and on that basis denies the allegations.

## JURISDICTION AND VENUE

  5. In response to the allegations of Paragraph 5 of the Complaint, Lucasini admits that this is a case for patent infringement, but denies that Lucasini has committed any acts of patent infringement.

  6. In response to the allegations of Paragraph 6 of the Complaint, Lucasini admits that this Court has subject matter jurisdiction.

  7. Lucasini admits the allegations of Paragraph 7 of the Complaint.

8. Lucasini denies the allegations of Paragraph 8 of the Complaint.

## FACTS

### The Patents-in-Suit

9. In response to the allegations of Paragraph 9 of the Complaint, Lucasini admits on information and belief that Randolph purports to own the '289 and '429 patents, but denies the remaining allegations of Paragraph 9.

### The Accused Products

10. Lucasini denies the allegations of Paragraph 10 of the Complaint.

11. Lucasini admits the allegations of Paragraph 11 of the Complaint.

12. Lucasini lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and on that basis denies the allegations.

13. Lucasini lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and on that basis denies the allegations.

14. Lucasini denies the allegations of Paragraph 10 of the Complaint.

## CAUSE OF ACTION

### (INFRINGEMENT OF THE '289 AND '429 PATENTS)

15. Lucasini repeats and incorporates by reference its responses to Paragraphs 1-14 of the Complaint as if fully set forth here

16. Lucasini denies the allegations of Paragraph 16 of the Complaint.

17. Lucasini denies the allegations of Paragraph 17 of the Complaint.

18. Lucasini denies the allegations of Paragraph 18 of the Complaint.

19. In response to the allegations of Paragraph 19 of the Complaint, Lucasini admits that it received notice in 2004 of the '289 and '429 patents, and alleges further that it responded to that notice by explaining that both patents are invalid and not infringed.

20. Lucasini denies the allegations of Paragraph 20 of the Complaint.

21. Lucasini denies the allegations of Paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

*(Failure to State a Claim)*

1. The Complaint fails to state a valid claim upon which relief can be granted.

### Second Affirmative Defense

*(Laches)*

2. Randolph's claims are barred in whole or in part by the equitable principle and defense of laches, based on, among other things, Randolph's more than four-year delay before first claiming infringement, and filing suit.

### Third Affirmative Defense

*(Invalidity of '289 Patent)*

3. Randolph is barred from recovering for any alleged infringement of the '289 patent, because that patent is invalid and/or void for failing to comply with the conditions of patentability specified in U.S.C. § 101 *et seq.*

### Fourth Affirmative Defense

*(Invalidity of '429 Patent)*

4. Randolph is barred from recovering for any alleged infringement of the '429 patent, because that patent is invalid and/or void for failing to comply with the conditions of patentability specified in U.S.C. § 101 *et seq.*

### Fifth Affirmative Defense

*(Unenforceability of '289 Patent)*

5. The '289 patent is unenforceable as a result of Randolph's patent misuse.

### Sixth Affirmative Defense

*(Unenforceability of '429 Patent)*

6. The '429 patent is unenforceable as a result of Randolph's patent misuse.

### Seventh Affirmative Defense

*(Unclean Hands)*

7. Randolph's claims are barred in whole or in part by the equitable principle and defense of unclean hands, based on, among other things, Randolph's assertion of objectively

baseless patent infringement claims with respect to patents that Lucasini alleges on information and belief Randolph knows are invalid and not infringed.

## COUNTERCLAIMS

Lucasini counterclaims against Plaintiff as follows:

## THE PARTIES

1. Lucasini is a California corporation with its principal place of business in Los Angeles County, California.

2. Lucasini alleges on information and belief that Plaintiff Frederick Randolph is an individual residing in New Jersey.

## JURISDICTION

3. Counts I and II of the Counterclaims recite causes of action arising under the patent laws of the United States, 35 U.S.C. §§ 101 et seq., and are based on a continuing and justiciable case of actual controversy between Lucasini and Randolph with respect to the alleged validity and infringement of U.S. Patent Nos.: D432,289 (the "'289 patent") and D436,429 (the "'429 patent").

4. This Court has jurisdiction over the subject matter of the Counterclaims pursuant to the 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b).

5. This Court has personal jurisdiction over Randolph because, for among other reasons, Randolph has expressly submitted to the jurisdiction of this Court.

## Count I
*(For a Declaratory Judgment That the '289 Patent is Invalid)*

6. Lucasini incorporates, realleges, and incorporates by reference paragraphs 1 through 5 of this Counterclaim as though set forth fully here.

7. Randolph alleges that the '289 patent is valid and enforceable and that Lucasini has infringed and is infringing that patent.

8. Lucasini contends that the '289 patent is invalid for failure to satisfy one or more of the requirements for patentability set forth in 35 U.S.C. § 101 et seq.

9. By reason of the foregoing, an actual controversy exists between Lucasini and Randolph as to the validity of the '289 patent, and Lucasini requests a declaration that the '289 patent is invalid for failure to satisfy one or more of the requirements for patentability set forth in 35 U.S.C. § 101 et seq.

### Count II
*(For a Declaratory Judgment That the '429 Patent is Invalid)*

10. Lucasini incorporates, realleges, and incorporates by reference paragraphs 1 through 9 of this Counterclaim as though set forth fully here.

11. Randolph alleges that the '429 patent is valid and enforceable and that Lucasini has infringed and is infringing that patent.

12. Lucasini contends that the '429 patent is invalid for failure to satisfy one or more of the requirements for patentability set forth in 35 U.S.C. § 101 et seq.

13. By reason of the foregoing, an actual controversy exists between Lucasini and Randolph as to the validity of the '429 patent, and Lucasini requests a declaration that the '429 patent is invalid for failure to satisfy one or more of the requirements for patentability set forth in 35 U.S.C. § 101 et seq.

### Count III
*(For a Declaratory Judgment That Lucasini Has Not Infringed the '289 Patent)*

14. Lucasini incorporates, realleges, and incorporates by reference paragraphs 1 through 13 of this Counterclaim as though set forth fully here.

15. Randolph alleges that the '289 patent is valid and enforceable and that Lucasini has infringed and is infringing that patent..

16. Lucasini contends that it does not make, use, or sell, and has not made, used, or sold in the United States any products that infringe the '289 patent, either directly or indirectly, contributorily, or otherwise, and has not induced any others to infringe the '289 patent.

17. By reason of the foregoing, an actual controversy exists between Lucasini and Randolph as to the alleged infringement of the '289 patent, and Lucasini requests a declaration from the Court finding that Lucasini's products do not infringe the '289 patent.

### Count IV
*(For a Declaratory Judgment That Lucasini Has Not Infringed the '429 Patent)*

18. Lucasini incorporates, realleges, and incorporates by reference paragraphs 1 through 17 of this Counterclaim as though set forth fully here.

19. Randolph alleges that the '429 patent is valid and enforceable and that Lucasini has infringed and is infringing that patent.

20. Lucasini contends that it does not make, use, or sell, and has not made, used, or sold in the United States any products that infringe the '429 patent, either directly or indirectly, contributorily, or otherwise, and has not induced any others to infringe the '429 patent.

21. By reason of the foregoing, an actual controversy exists between Lucasini and Randolph as to the alleged infringement of the '429 patent, and Lucasini requests a declaration from the Court finding that Lucasini's products do not infringe the '429 patent.

### Count V
*(For a Declaratory Judgment That the '289 Patent Is Unenforceable For Randolph's Patent Misuse)*

22. Lucasini incorporates, realleges, and incorporates by reference paragraphs 1 through 21 of this Counterclaim as though set forth fully here.

23. Randolph previously demanded that Lucasini take a license under the '289 patent, and four years later filed an action against Lucasini alleging that Lucasini has infringed the '289 patent.

24. Randolph has refused to identify any purported point of novelty in the '289 patent, nor has it identified any substantial similarity between the patent and any accused product made, used, sold, offered for sale, or imported into the United States by Lucasini.

25. Randolph's infringement claims are objectively baseless, and Lucasini alleges on information and belief that Randolph and his counsel did to conduct a pre-filing investigation sufficient to satisfy Rule 11 of the Federal Rules of Civil Procedure.

26. Lucasini alleges further on information and belief that Randolph has asserted the '289 patent against Lucasini and others knowing that the '289 patent is invalid.

27. Lucasini alleges further on information and belief that Randolph has sought unjustifiably to expand the scope of the '289 patent in its effort to obtain licenses, judgments, or settlements from parties Randolph knows do not infringe, in connection with a patent that Randolph knows is invalid.

28. As a result of this conduct, Randolph has engaged in and continues to engage in patent misuse, rendering the '289 patent invalid, and this action an exceptional case under 35 U.S.C. § 285.

## Count VI

*(For a Declaratory Judgment That the '429 Patent Is Unenforceable*
*For Randolph's Patent Misuse)*

29. Lucasini incorporates, realleges, and incorporates by reference paragraphs 1 through 28 of this Counterclaim as though set forth fully here.

30. Randolph previously demanded that Lucasini take a license under the '429 patent, and four years later filed an action against Lucasini alleging that Lucasini has infringed the '429 patent.

31. Randolph has refused to identify any purported point of novelty in the '429 patent, nor has it identified any substantial similarity between the patent and any accused product made, used, sold, offered for sale, or imported into the United States by Lucasini.

32. Randolph's infringement claims are objectively baseless, and Lucasini alleges on information and belief that Randolph and his counsel did to conduct a pre-filing investigation sufficient to satisfy Rule 11 of the Federal Rules of Civil Procedure.

33. Lucasini alleges further on information and belief that Randolph has asserted the '429 patent against Lucasini and others knowing that the '429 patent is invalid.

34. Lucasini alleges further on information and belief that Randolph has sought unjustifiably to expand the scope of the '429 patent in its effort to obtain licenses, judgments, or settlements from parties Randolph knows do not infringe, in connection with a patent that Randolph knows is invalid.

35. As a result of this conduct, Randolph has engaged in and continues to engage in patent misuse, rendering the '429 patent invalid, and this action an exceptional case under 35 U.S.C. § 285.

**THEREFORE**, Lucasini requests judgment as follows:

1. That Plaintiff take nothing by his Complaint.

2. That the Court determine and declare that Lucasini has not and does not infringe, contributorily infringe, or infringe by inducement any claim of the '289 or '429 patents, and that the claims of these patents are invalid, void, and unenforceable;

3. That the Court determine and declare that Randolph has engaged in patent miuse with respect to the '289 and '429 patents;

4. That the Court preliminarily and permanently enjoin Randolph and his agents from instituting, prosecuting or threatening any action alleging that Lucasini, any of Lucasini's customers, or anyone else acting in concert with Lucasini has or is infringing, contributorily infringing, or infringing by inducement any claim of the '289 or '429 patents by making, using, selling, offering for sale, or importing into the United States any of Lucasini's products;

5. That the Court award Lucasini its costs of suit;

6. That the Court award Lucasini its attorneys' fees and litigation expenses pursuant to 35 U.S.C. § 285 or on any other applicable basis; and

7. That Lucasini receive any other appropriate relief.

DATED: July 23, 2008

Respectfully submitted,

By _____
Brian K. Brookey
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Blvd., Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Phn: (626) 795-9900
Fax: 626-577-8800

Attorneys for Defendant,
LUCASINI CLASSICS, INC.

## JURY DEMAND

Lucasini Classics, Inc. demands a jury trial on all issues for which a jury trial is permitted.

DATED: July 23, 2008

Respectfully submitted,

By _____
Brian K. Brookey

CHRISTIE, PARKER & HALE, LLP
350 West Colorado Blvd., Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Phn: (626) 795-9900
Fax: 626-577-8800

Attorneys for Defendant,
LUCASINI CLASSICS, INC.

SCL PAS804821.1-*-07/23/08 11:44 AM

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Answer of Lucasini Classics, Inc. to Complaint and Corporate Disclosure Statement** was served upon counsel on July 23, 2008 via ECF:

>Charles von Simson
>von Simson & Chin LLP
>62 William Street – Sixth Floor
>New York, New York 10005
>Email: cvs@vsandc.com


>Stephen M Chin
>von Simson & Chin LLP
>62 William Street – Sixth Floor
>New York, New York 10005
>Email: smc@vsandc.com


>Todd Wengrovsky
>Law Offices of Todd Wengrovsky, PLLC
>285 Southfield Road
>Calverton, New York 11933
>Email: contact@twlegal.com

*/s/ Limerick Luazp*

{00951097.1}